O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK CHARLES SINGLETON, ) | Case No. CV 09-3179-CAS(RC) |
| Petitioner, ) | |
| vs. ) | |
| ) | OPINION AND ORDER ON A |
| ANTHONY HEDGEPETH (WARDEN), ) | PETITION FOR HABEAS CORPUS |
| Respondent. ) | |

On May 5, 2009, petitioner Cedrick Charles Singleton, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his **1994** conviction for two counts of special circumstances first degree murder in Los Angeles County Superior Court case no. GA012472, as well as a supporting declaration and motion for evidentiary hearing.

**BACKGROUND**

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: <u>Singleton v. Roe</u>, case no. CV 98-5440-CAS(RC) ("Singleton I"), which was dismissed as untimely on December 7, 1998.

1  Both this Court and the Ninth Circuit Court of Appeals denied
2  petitioner's request for a certificate of appealability.  On March 22,
3  2000, petitioner filed a motion for a new hearing, which this Court
4  denied.  On April 28, 2008, petitioner filed a motion for relief from
5  Judgment under Rule 60(b)(4), which this Court denied on May 21, 2008.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 2481-82, 150 L. Ed. 2d 632 (2001).  Specifically, the AEDPA provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2339, 135 L. Ed. 2d 827 (1996); Stewart v. Martinez-Villareal, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998).  "An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application," Martinez-Villareal, 523 U.S. at 641,

118 S. Ct. at 1620, and the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" Section 2244(b).  28 U.S.C. § 2244(b)(3)(C); Morales v. Ornoski, 439 F.3d 529, 531 (9th Cir. 2006); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"  (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

"[The] dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) ("Although a dismissal based upon the statute of limitation[s] does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.").  Since Singleton I, petitioner's initial habeas corpus petition, was denied on the merits, the instant petition is a successive petition.  Ibid.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 foll. U.S.C. § 2254, Rule 4. Here, it plainly appears on the face of the petition that petitioner has not received authorization from the Ninth Circuit Court of Appeals for the instant second or successive petition to be brought. Thus, this Court must dismiss the instant habeas petition as a successive petition for which it lacks subject matter jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the habeas petition and action for lack of subject matter jurisdiction.

The Clerk of Court shall notify petitioner of the Judgment.

DATE: May 7, 2009

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: May 6, 2009

/S/ ROSALYN M. CHAPMAN
  ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-3179.mdo
5/6/09

4